Case 2:09-cv-00075-RHW Document 7 Filed 06/12/2009 Page ID # 8

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

09 JUN 22 PM 2:42

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:09mc48 |
| Plaintiff, | NO. CV-09-075-RHW |
| vs. | CONSENT ORDER |
| NORTHWEST VENTURE PARTNERS III, LP, | |
| Defendant. | |

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Northwest Venture Partners III, LP ("Northwest"), and all of its assets and property, of whatever kind and wherever located.

2. The United States Small Business Administration ("SBA") is hereby appointed Receiver ("Receiver") of Northwest to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Northwest's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

3. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited

**CONSENT ORDER * 1**

1  partners of Northwest under applicable state and federal law, by the Agreement of
2  Limited Partnership, and Charter and/or By-Laws of said limited partnership, in
3  addition to all powers and authority of a receiver at equity, and all powers and
4  authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and
5  28 U.S.C. § 754.

6      4. The trustees, directors, officers, managers, employees, investment
7  advisors, accountants, attorneys and other agents of Northwest are hereby
8  dismissed and the powers of any general partners are hereby suspended. Such
9  persons and entities shall have no authority with respect to Northwest operations or
10 assets, except to the extent as may hereafter be expressly granted by the Receiver.
11 The Receiver shall assume and control the operation of Northwest and shall pursue
12 and preserve all of its claims.

13     5. The Receiver is entitled to take immediate possession of all assets,
14 bank accounts or other financial accounts, books and records and all other
15 documents or instruments relating to Northwest. The past and/or present general
16 partner(s), managers, management company, officers, directors, agents, trustees,
17 attorneys, accountants, and employees of Northwest, as well as all those acting in
18 their place, are hereby ordered and directed to turn over to the Receiver forthwith
19 all books, records, documents, accounts and all other instruments and papers of and
20 relating to Northwest and all of Northwest's assets and all other assets and property
21 of the limited partnership, whether real or personal.

22     6. Northwest's general partner shall furnish a written statement within
23 five (5) days after the entry of this Order, listing the identity, location and
24 estimated value of all assets of Northwest, a list of all agents, employees (and job
25 titles thereof), other personnel, attorneys, accountants and any other agents or
26 contractors of Northwest, as well as the names, addresses and amounts of claims of
27 all known creditors of Northwest. Within thirty (30) days following the entry of
28 **CONSENT ORDER * 2**

this Order, the general partner of Northwest shall also furnish a written report describing all assets.

7. All persons and entities having control, custody or possession of any assets or property of Northwest are hereby directed to turn such assets and property over to the Receiver.

8. The Receiver shall promptly give notice of its appointment to all known general partner(s), managers, management companies, officers, directors, agents, employees, shareholders, creditors, debtors, and limited partners of Northwest, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to Northwest shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Northwest had received such payments.

9. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Northwest, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse SBA for travel expenses incurred by SBA personnel in the establishment and administration of the

**CONSENT ORDER * 3**

receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

10. Northwest's past and/or present general partners, managers, management companies, officers, directors, agents, attorneys, shareholders, employees, accountants, debtors, creditors, managers, limited partners and any other appropriate persons or entities (including without limitation, Northwest's portfolio of small business concerns and financial institutions doing business with Northwest and/or Northwest's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Northwest. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

11. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for Northwest, Northwest or any assets of Northwest, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of Northwest's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such

**CONSENT ORDER * 4**

legal proceeding or from taking any action in connection with any such proceeding or any such asset.

12. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Receiver for Northwest, Northwest or any assets of Northwest, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or any of Northwest's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

13. As to a cause of action accrued or accruing in favor of Northwest against a third person or party, any applicable statute of limitation is tolled as authorized by law during the period in which the injunction against the commencement of legal proceedings in paragraph 8, above, is in effect as to that cause of action.

14. Northwest and its past and/or present general partners, managers, management companies, directors, officers, limited partners, agents, employees or other persons or entities acting in concert or participating therewith are hereby prohibited and enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would (a) dissipate the assets and/or property of Northwest to the detriment of Northwest or of the Receiver appointed in this cause, including, but not limited to, destruction of corporate records, or (b) violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et.

**CONSENT ORDER * 5**

1 seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

    15. The Receiver is authorized to borrow, if necessary, on behalf of Northwest, from the SBA, up to $1,000,000 at any given time and is authorized to cause Northwest to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Northwest, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Northwest.

    16. This Court determines and adjudicates that Northwest has violated the Act and the Regulations as alleged in the Complaint filed against Northwest in the instant action, and that SBA is entitled to the relief requested in its complaint.

    **IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to counsel.

    DATED this 12th day of June, 2009.

        *S/ Robert H. Whaley*

        ROBERT H. WHALEY
        Chief United States District Judge

Q:\CIVIL\2009\NW Venture Partners\consent.ord.wpd

**CONSENT ORDER * 6**